United States v. Brown and Mr. Carpenter to hear from you. Thank you. May it please the court. This case presents two questions. The first is the merits question and the parties now agree that constitutional errors occurred in the proceedings below. The second issue is whether those errors should be disregarded as harmless and we contend that under this court's precedent, the answer is no. Now, although the government concedes on the merits, I do want to start with that issue to give the court an opportunity to ask any questions it may have given the somewhat unusual posture of this case. Our view in short is that the combination of Woodin and Mathis means that the occasions clause must be alleged in the indictment and then proven to a jury beyond a reasonable doubt or admitted by the defendant as part of the guilty plea. Because that did not happen here, the proceedings violated Mr. Brown's Fifth Amendment rights and his Sixth Amendment rights. The combination of these two cases abrogates this court's prior decision in Thompson. And so I think the best way to illustrate that is through what I think is a fairly simple syllogism that combines Mathis and Woodin. In Mathis, the Supreme Court says the prior conviction exception in Almendarez-Torres extends only to the elements of a prior conviction. Then in Woodin, the court says the occasions clause requires consideration of facts and circumstances that go beyond the elements of the prior conviction. Well, as to Thompson, aren't we bound by that precedent at this time because the Supreme Court has not issued in the intervening time anything that directly undermines Thompson? So you know the rule, Mr. Carpenter, that a panel of this court can't overturn the precedent. I certainly do, Your Honor. And let me start by saying, if you feel bound at the end of the day, let's take this en banc, let's do it in May because we have a bunch of cases in the district court waiting for this. But let me explain why you don't need to do that. The reason you don't need to do that is because although Woodin does not address the issue specifically, it does not make a holding on the Sixth Amendment, that is not necessary to trigger this court's intervening authority exception to the panel precedent rule. And as an example of that, I would highlight the recent decision in United States v. Reed that was issued on February 1st of this year, so just last month. It's 58 F. 4th 816. In that case, the court recognizes that the Supreme Court's decision in Concepcion undermined a part of this court's holding in Collington. In doing so, Reed says, look, this case involved, this case, Concepcion, involved a different issue than the one that was in Collington. So it was not, quote, expressly overruled. However, as Reed explained, the Supreme Court's language was, quote, broad and clear. And that made the prior holding in Collington untenable, even though it was on a slightly different issue than the one decided by the Supreme Court in Concepcion. That's the exact same circumstance here. I acknowledge that neither... It's not quite. Let me take you through how I see this as a little different. And I think it's not our cases that are the problem. I think it's Almandara's. And as you recall in Almandara's, the court addressed specifically ACCA 924E and concluded that that was a recidivism provision. Your Honor, if I could stop you very quickly. Almandara's TORIS was not about ACCA. It was about the aggravated... It cited ACCA and it held that ACCA was a recidivism. And it said the recidivism issue is not related to the conviction. It's related only to sentencing. It said the fact that recidivism does not relate to the commission of the offense but goes to the punishment only and therefore may be subsequently decided. And it cited 924E and it explained that the whole provision was that. Then comes Wooden and says the second prong of 924E is a factual question that has to be resolved. Then comes our case in Moon. And Moon cited Wooden and said that 924E was a recidivism statute that doesn't relate to the merits and said that it is only a sentencing issue. This was our... This is post-Wooden. And so you would have us overrule Thompson, Moon, and Almandara's, I think. And it seems to me this is an issue just as Thomas has raised the issue you raised. And I think it is a Supreme Court question. But I'm not sure we're free to move in the direction you want based on Wooden. Wooden clearly says it didn't decide the issue. And I think in view of Almandara's, it is still a sentencing fact. The question is how does it have to be decided? Thompson said, well, you use the Shepard documents. And even more clearly in Moon, more recently, we said 924E is a... Is not a... Does not go to the jury. It's a sentencing fact. It's a recidivism fact like Almandara said. I respectfully suggest that you make a lot of good arguments. But to require a circuit court to send recidivism facts to a jury would require the Supreme Court to step in and address Almandara's and its extension of Wooden, how are we going to find those facts? And it seems to me all the quotes you take are from the finding of a predicate offense. That's one element of 924E. But the next element is they have to be on different occasions. And Wooden says that's a factual question. And so that leaves the underlying courts. How do we resolve that? And your argument is that should go to a jury, which is, I think, can't be squared with Moon and Almandara's. You say somehow we can get around that. I can't see it. But it seems to me if they want to take recidivism facts and make it part of the offense, that's a big change and that would have to be the Supreme Court to do that, wouldn't you think? No, Your Honor, I very strongly disagree with that. And let me start with Almandara's tourist point. And then I do want to get back to Moon. But Almandara's tourist point seems to be really the core of your concern. Well, it goes on pages. I didn't quote it all. It goes on pages talking about how recidivism is not a part of the offense. Recidivism, and they said since colonial times, has been a sentencing fact. So, Your Honor, what I would respectfully suggest is just as you suggested that all of the language I quote is about the prior conviction part and not about the other part, all of the language in Almandara's tourist is likewise about the existence of a prior conviction. And as Wooden makes clear, there are two separate statutory conditions in Wooden. There are, excuse me, in ACCA. There is the three occasions and the three convictions. We are not disputing. So, if you think that's what Almandara says, you're going to split up 924E, which has two conditions now, two clear conditions, one a prior conviction and the other is on different occasions. You're going to say the prior conviction is done by the court and the other one's going to be done by the jury? Yes. We think that now we would like, even though 924E has been categorized as a recidivism statute, that doesn't go to the offense? No. Again, as Almandara's tourist has been subsequently clarified and explained by the Supreme Court, it goes only to the existence, the simple fact of a prior conviction. That's to establish a prior conviction. And we acknowledge that this court... They did not address what Wooden addressed. Correct. This court is 100% bound by Almandara's tourist on the existence of a prior conviction. We can argue all day long that should be overturned. We can argue that prior convictions... Or even Apprendi. I'm literally thinking about every single decision of the Supreme Court since Apprendi. It's always phrased this way. Other than the fact of a prior conviction, anything that increases the defendant's sentencing range has to be submitted to a jury. I realize there's language in Almandara's tourist that goes broader, but the way the court has described Almandara's tourist in every decision since prior conviction comes. Exactly. And what Wooden tells us and makes very clear is that ACCA's recidivism elements... There are two separate recidivism elements. There's one, the existence. We acknowledge that's controlled by Almandara's tourist. But the second condition... The fact of a prior conviction is I have a document that says on date such and such, defendant Bill Smith was convicted of robbery in violation of Michigan. That's the fact of a prior conviction? Exactly. That's it. And what the Supreme Court has clarified in DeKalb and Mathis is this exception in Almandara's tourist extends to nothing more than what crime and what elements the defendant was previously convicted of. Possibly the date of the conviction? Possibly the date of the conviction. I would note that even if you consider that fact in this case... Not the underlying offense, but the date of the conviction. Yes, the date of... 22nd, 2021, you were convicted of the offense. Exactly. And I think that is an important point to separate the date of the conviction from the date of the underlying conduct. Because everything about the underlying conduct that goes beyond the elements cannot be found as part of the prior conviction exception. So... How do you handle Moon? We explicitly said 924E is an enhancement and not a separate offense and is decided as a sentencing enhancement. That's correct, Your Honor. And what I would point the court to... And it referred to... Absolutely. And it cited Thompson approvingly. I acknowledge that. Thompson's earlier, yeah. Isn't 841UFCB1A also still an enhancement? I mean, even after Apprendi, the jury has to decide drug quantity, but I don't think we say B1A is a separate offense, is it? It's an enhanced offense. Right. But it's not a separate... Exactly. It's a lesser included and greater offense. Like that is how that works. That is how this works. It's an enhanced offense. We've called it a different offense. And the elements have to be... When it relates to the conduct at hand, if you say we're going to distribute drugs, it's one offense. If you just say we're going to distribute 50 grams or whatever the quantities are, it's a different offense. And we've explicitly held that. Well, I think that's... Yes. I think we're violently agreeing here. So I'll leave it at that. As for Moon, what I would point the court to are the back-to-back decisions last year in Simmons and then in Banks, because we are in the same setting as those cases. So in Simmons, the panel of this court said, we feel like we have to apply the rule of Floresca. It was an in-bank decision by this court and no one has challenged its validity, even though we think it's questionable. We are going to apply it as it stands because no one has challenged it. A few months later, the government took the cue, challenged Floresca, and in Banks, the court said, now that they've challenged it, we're going to reconsider whether it's viable and found that it was not. That's exactly what we have here. Because if you go back and look at Moon, no one challenged the validity of Thompson. That wasn't the issue presented there. No one argued the intervening authority exception. Let me ask you something a little more specific. The whole aspect of 924E addresses recidivism, right? Correct. So now the question is, do we have any case where the recidivism aspect of a case is part of the actual offense committed or is a separate offense that has to go to a jury? This is the first, and it's because the Supreme Court has narrowed... You're arguing that recidivism is an element. This aspect of recidivism, you have two elements, one prior offense conviction on separate occasions. You're saying that at least the which is factual has to be cited by a jury because recidivism ought to be decided by a jury. Correct. The other scenario where this... Justice Thomas agrees with you. But I'm not sure the rest of the court is there yet. Well, I think if you read Justice Gorsuch's footnote, he's there. But setting that aside, I would highlight and emphasize that the Supreme Court does not talk about the recidivism exception to the Sixth Amendment. They talk about the prior conviction. And I do think there's... I understand, but you lose the forest for the trees. In other words, 924E is a recidivism enhancement. It's not an enhancement based on conduct in the offense. It's based on prior conduct, which is not on trial. It enhances the sentence. And one element, it has to be a prior conviction that qualifies or several... And the other, the prior convictions have to be on different occasions. But that's all definitional for recidivism enhancement. And my question is, we have to face the fact of what recidivism is in connection with a crime. If it's part of the offense, and a court could make that, I think it would be very dramatic. If it's not part of the offense, which is traditional from conclonial times, but is an enhancement for sentencing, then we just go on. And wooden is not remarkable. It just basically says the second element of recidivism is a factual question. And the question then is, who resolves the facts? And if recidivism doesn't go to the jury, then it would be the court. Your Honor, I agree. This was the... What you've articulated was the understanding of the law that everyone had, from Almendarez-Torres, basically until Decomp and Mathis. Those cases, we contend, have narrowed that understanding. But I want to get to your other question about whether we have any other case or example where some component of recidivism is submitted to the jury. And you don't have a case on it, because the government concedes this issue and has been submitting facts to the jury in a different context. The question is whether we accept the government's concession. I mean, what we have here is a case deciding which is going to number one. Number two, the government briefed it that way. I thought it did a pretty good job. And just recently, the Solicitor General has said, we think part of the recidivism ought to go to the jury. I don't understand that analysis at all. Let me back up and clarify what I meant. I was talking about an entirely different context, which is when the First Step Act amended the definition of a serious drug offense under 841, it added to the recidivism inquiry there a couple of factual questions. One is whether the prior offense was committed within 15 years of the current offense. And the other is whether the defendant served 12 months or more on the prior conviction. Those are factual matters. They're part of recidivism, but they are factual. Since that time in 2018, the Department of Justice immediately issued guidance saying these are facts. They're not inherent in the fact of the prior conviction. We have to submit them to the jury. The jury verdict that we submitted from the Northern District of Georgia, you'll note, has two questions. One is the ACCA question, and then on the second page, there is an 841 enhancement question, which asks the jury to find this separate set of facts. So again, the government's conceding this because the Supreme Court precedent, we think, when you combine Woodin and Mathis, it requires these types of recidivism-related, recidivism-adjacent facts to go to the jury. I see I'm beyond time. If there are questions on the harmless error component of this, I'd be happy to answer them. Otherwise... Well, we'll let you take that up on rebuttal, if you have to. Sure thing. Thank you. If you choose. All right. Ms. Wright. Thank you, Your Honor. May it please the Court. Anthony Enright for the United States. We agree that the Sixth Amendment requires a different result than the result reached in Thompson, but I do want to correct something my friend said in his brief, which is we didn't withdraw our brief in this case. And the reason is simply that the District Court, like us and like a panel of this Court, is bound by this Court's precedent. And for the reasons this Court explained in Daniels and in Bastin and in Moon, Thompson and Lederloh and Woodin are consistent with one another. Woodin didn't abrogate Thompson, so this panel... Let me ask you what your views on this are. I understand all these formulas we're tossing around. How do we do the categorical approach, the modified categorical approach? How do we resolve 924E without having new trials? That's all been the subject of numerous Supreme Court cases, and I suggest thousands of lower court cases. And we've been litigating this now for 20 years and trying to figure out how to determine these prior convictions without retrying them. And that jurisprudence keeps developing, and I think Woodin is just a further step in it, which is still trying to determine this 924E. My question is a little bit broader and asks a more question. 924E, everybody recognizes, is a recidivism statute. It enhances a penalty because somebody's a recidivist, a repeat offender. And to qualify as a recidivist, you have to have prior offenses, convictions, and you have to have prior convictions that are different on different occasions. But they both address recidivism. You agree with that? I do agree with that, Your Honor. So now the question, the underlying question is, setting aside all the cases, does the government take the position that any aspect of recidivism now consists part of the conduct on trial before the court, or is recidivism remain sentencing facts that are decided after trial? Our position doesn't turn on what qualifies as recidivism. Our position turns on what qualifies. I know, but I'm asking about recidivism. Certainly, Your Honor. Some components of recidivism are going to be for the jury. That's why I'm understanding why, because it's not part of the conduct in the case. The conduct in the case is the crime on trial. The 924E doesn't address that. 924E says if you had prior conduct, that qualifies, we're going to enhance. That's true, Your Honor. So my question is, where was that ever suggested that those facts of the prior conduct should go to a jury with respect to the present conduct? And I think Judge Hyten's question answers that, which is, the Supreme Court has since Apprendi said, the limitation of Almodarra's-Torres is to the fact of a prior conviction. There's a broader universe of things that qualifies as recidivism, but the Supreme Court has limited the Almodarra's-Torres exception to specifically the In all those cases, they were just addressing how do you establish a prior conviction, just establishing a prior conviction. The issue of on different occasions was never presented in those cases as a question. They were resolving how to resolve, and they said Almodarra's-Torres says you just go to the fact of conviction. But Almodarra's-Torres says more. It says the whole statute is a recidivism statute, and it's not for the jury. So now we face for the first time following Wooden, we face for the first time the second component, which is on different occasions. Supreme Court says that's a factual question. The open question now is when there's an open factual question on recidivism, on recidivism, because you conceded it's part of the recidivism statute. I agree. I think you have to. I do. Who decides that? And I think at this point, the Ramon Court suggests that all of 924E is a sentencing enhancement, and cited Wooden. I agree, your honor. Your reading of DeCamp is a reasonable reading of DeCamp, and it's the position we took for several years, and it's the position this court- I thought your brief was pretty precise. I didn't spam. I appreciate that, your honor. And that is why I think this court is bound by its precedent. This court has held- I thought the government's position is that the letter saying it is now the position of the district court that the government- that the district court erred. It is the position- the district court viola- in- there's- I can't answer it fully, because the question is I think the district court violated the Sixth Amendment, but I think this court- the district court properly followed this court's precedent. So the court did what the district court ought to have done in this case, because the district court was bound by this court's precedent like this panel. But I do believe it's an error under the Constitution that this court ought to correct, if at all, en banc. Do you agree the Sixth Amendment does not cover sentencing facts? The Sixth Amendment does not govern sentencing facts if they are the fact of the prior conviction. I didn't ask you that. I said any sentencing fact, if we categorize something as a sentencing fact, do you agree the Sixth Amendment doesn't require that to go to jury? A fact found within the statu- that determines what sentence to apply within the statutory maximum, I agree with that. If it's a fact that increases the statutory maximum and it is not a fact of a prior conviction, then the Sixth Amendment does govern it. So that's basically our position. And the reason I think this court is bound by its precedent is because of what Judge Niemeyer described, is that that's a reasonable interpretation of Supreme Court precedent when there's tension under Dodge between the Supreme Court and this court, whether they can be read harmoniously, this court's precedent, and Supreme Court precedent, and as your Honor pointed out, they can, and has this court relied on it, and it's since Mathis and his camps, and even since Wooden, has relied on Thompson continuously. So I think this court is currently bound by a different question en banc, of course. I do want to turn to the harmless error point because that's another question that's clearly resolved by this court's part. Is it- is the evidence establishing the sentence enhancing factor overwhelming and essentially uncontroverted? It is overwhelming because- I'm looking at your 28J letter. Your 28J letter does not preserve an argument that there's no error. You say, as explained in the brief, any failure to submit the occasion was harmless. You say that it is now the position of the government that the Sixth Amendment required this to go to the jury, and then you say he's not entitled to relief, but the reason you say he's not entitled to relief is because it was not because there is no error on this court's precedent. So are you now making an argument the government did not make in its 28J letter? I do apologize, your Honor, because I don't- I don't know that I disagree with your Honor. I'm just- my answer was just trying to clarify what our position is. I believe that the District Court was bound by this court's precedent. Wow, because that is not in your 28J letter. That is correct. I didn't- I don't think I said that. The only argument in your 28J letter is there's a harmless error here. That's the only argument that you said. I was not presenting an argument in the 28J letter. I was trying to inform this court of the Solicitor General's position, and I apologize because obviously your question indicates that I was not clear enough, and I only apologize for that. Your position is you wrote your brief and advocated affirmance, and then the Solicitor General has changed its position, and you did not withdraw your brief, but you tried to recognize that now you have to advocate the Solicitor General's position, which is that the facts of 924E, second prong, have to go to the jury. Yes, your Honor, absolutely true, and the reason I am- I'm not trying to preserve an error, your Honor. If this court were to find that the court should have required a jury to find these facts, and it should have been in the indictment, that's ultimately our position. I feel bound to recognize that this court and the district court both were bound by this court's precedent, so I'm super sorry for being unclear, but that is- that was not my intent. On the harmless error point, which is in our brief, and I hope I preserved in the 28J letter, legates, overwhelming evidence, because the different occasions here- we're talking about different dates, months, and years apart, and yes, there's probably some theoretical world where you could identify different days, I don't know about months apart, but some different days where you could plausibly have it, but I think this still qualifies as overwhelming. Assume that we don't think the pre-sentence report is evidence. What is the evidence that these were on different occasions? Well, if you don't- the pre-sentence report on its own, perhaps not, but it would be the fact that the court adopted it as its finding of fact, after the district court- after the defense didn't object to it, which is its prerogative under 32. If this court ignores the pre-sentence report entirely, including that adoption, then there's nothing, because this wouldn't be before the district court in any form, as far as I know. I guess what I'm trying to figure out, like, the more common- no, a common scenario, when the Supreme Court's talked about the classic apprendee problem, is where we have a jury verdict. I basically guess what I'm saying is, it's never been entirely clear to me how apprendee harmless error analysis applies in the context of a guilty plea. So I understand how it works in trial, like, take Johnson or take Nader, right? So we have a jury, we present all the evidence to the jury, but we don't instruct the jury on materiality. And then we ask, sure, we didn't ask the jury to find materiality, but based on the evidence we presented to the jury, it is inconceivable that a jury would not find materiality- well, it's inconceivable that a jury who convicted this without the materiality instruction would have not found materiality. That's basically Nader, right? I get how that works, and I get how it works in the context of a forfeited rehafe error, where the burden is on the defendant to show substantial rights, to say, like, have you made any proper whatsoever that you would have possibly argued that you didn't know you had a qualifying conviction? So that's, right, how Greer says we do forfeited rehafe errors. But I guess I'm trying to think of a case of Supreme Court- maybe that's the threshold question. Are you aware of a Supreme Court case that talks about how you sort of do harmless and error analysis on an apprendee-type error in a case that was a guilty plea? Not directly, Your Honor. I'm aware of Nader, though, and Nader does say that the harmless error standard considers the record as a whole. And so I think this Court, it's appropriate to look at sentencing. It obviously, I think, it is not appropriate to do what I think the defense suggests, which is just look at what was presented to the jury at trial when you have a guilty plea, because there is no trial by definition, and that would convert it to a per se error. When Nader talks about the record, it's pretty clearly talking about the trial court record. For example, just imagine an apprendee-type error that happens at trial, in a jury trial. There's a jury trial. Okay, let's take drug quantity, for example. That's a classic case. We don't submit drug quantity to the jury. The jury finds the defendant guilty of distributing an unknown quantity of a controlled substance, and there's no evidence at trial about how much he distributed. The government presents zero evidence about how much cocaine. And then the pre-sentence report says, wow, it was a lot of cocaine. And the government then argues it's harmless error that the jury didn't find drug quantity. We wouldn't look at the PSR in that situation. We would look only at the trial transcript, right? I don't know that that's plausible. All of these cases do seem to come up in a trial. Right. And this is really... How it applies in a guilty plea context. I know of one. I don't remember if it was a guilty plea or not. I know of the Ninth Circuit, which follows the same overwhelming and uncontroverted standard. They looked at the sentencing, at evidence introduced at sentencing in a case called the Peta-Martinez 470 at Fed Third 909. Not the longest opinion, but it's an example of that. And what I would suggest is, between the court saying the record is a hole and the fact that the sentencing gives a venue for the parties to contest it, the defendant has an incentive. The defendant has an opportunity to say, I dispute that fact, and I'd like to introduce some evidence at sentencing. And that's really the opportunity to do that in a guilty plea proceeding, unless there's some unusual situation where you're pleading guilty to something and going to trial on it. Assuming that this is one of the problems with the nature of the Apprendi Error, right? Assuming the violation is I had a right to have the jury decide it, saying I would like the judge to decide whether I win on that claim is not really a remedy to violation that the wrong person made this decision, right? It's not a remedy for it, but it is an indication of whether it's a harmless error. The idea isn't it wouldn't undo the error, but it would allow the court to say the result would have been the same, even if this had been in the indictment and had been submitted on trial. But there's another step beyond Nader, right? So Nader itself is 5 to 4, and Justice Scalia says, this is hypothesizing a jury verdict that never happened. You know the argument Justice Scalia makes in the dissent in Nader. This is like another level, right? Because at least when a jury of his peers found him guilty, it's because a jury of his peers found him guilty. When a defendant is sitting in jail because of a guilty plea, he is only in jail because he stood up in front of a court and he admitted things, right? That is the only justification for incarcerating someone who pleaded guilty is the thing he admitted. And it's a little troubling to say, we're going to go back and decide he actually admitted certain things he didn't admit, because we think it's harmless that he didn't admit those things. That's something the court pointed out in Liggins, not in the context of a guilty plea, but it is, there is a discomfort judges have expressed with that. I don't think it's a greater discomfort than exists in a trial. And in fact, I think the fact that he admitted it. Well, in this context, I mean, after all, we require district courts to have a really long colloquy before people plead guilty. Like here's the following list of like 25 things you're giving up by what you're doing here. That's exactly right, your honor. And what's critical here is he had notice. He recognized that's going to be your penalty. How did he have, in what sense did he have notice? We told him. Okay. He was not notice in the abstract, like, you know, the law notice. No, no. He was informed the penalties. If the Armed Career Criminal Act apply are 15 years to life. And he said, I want to plead guilty. If you don't have that, that's another kind of error. This court has recognized that in Lockhart. So they're called the defendant. He could get sentenced. Right. If he was not aware of that penalty, that at least in Lockhart, the issue was that would be vacated nowadays if you adopt. Maybe as I think Judge Heitens raises a very significant question, but maybe the answer might be when he pleads guilty and recognizes that ACA will be applicable. He doesn't just and that waives the jury trial because he explicitly waives a jury trial in pleading guilty. That's one of the questions. Do you know you have a right to waiving that? Maybe the implicit thing is that he's waiving it also as to ACA. That may be true, Your Honor. If ACA was to be decided by the jury. Now, of course, the language, it doesn't fit perfectly because his he's told he's advised that it's a sentencing factor as opposed to element of the offense. But yes, Your Honor. And I'm just trying to provide some fodder for the notion that maybe his guilty plea does cover the waiver of the jury trial even for ACA facts. That's not something we're relying on because I think you could still. I know you're not because nobody anticipated. It does, however, I think it raises a point about fairness. What he did have was an opportunity to contest these facts. It's truly undisputed. If he thought these recurred on different occasions, he could have made that argument. He said, I'm objecting to paragraph 23. That's the conclusion about the Armed Career Criminal Act. He did not object to paragraphs 29, 30, and 33 in the PSR, which are the dates. This is just a back, largely a backwards looking problem, right? Because I assume going forward, the government would have required him at his plea colloquy to admit these were on different occasions. Yes, regardless of the outcome in this case, that is our, that is nationwide marching orders, Your Honor. So basically as part of any guilty plea, the defendant. Oh, I might have misunderstood. Our marching orders are, if you want the ACA, you put it in the indictment. You put it in the indictment, and then if the defendant pleads guilty, you, well, you put it in the indictment. If it's a jury trial, you ask the jury to decide it. And if the defendant pleads guilty, you ask him to admit the different occasions of the plea colloquy? Correct. And if that doesn't happen, we don't ask the district court to apply the ACA. Now, sometimes the district court says, well, I'm bound by Fourth Circuit precedent, and I'm aware of these convictions, so I will. But we don't ask for that, and we do put it in the indictment. There's this limited universe of cases that it will affect. Correct, Your Honor. I want to just address briefly some of the other issues the defense has raised. This isn't a constructive amendment, both because the defense says it's not a constructive amendment, and because the court in Whitfield distinguished the Apprendi cases, which Higgs is one, from constructive amendments. It's kind of a fine distinction, but if the distinction doesn't exist, then this court is bound by the Apprendi cases. And the court held in Higgs that the Apprendi indictment error is subject to the same harmless error standards, the jury finding error, so it's all governed by Rekowenko. Information and sentencing counts, we talked about that. If this court has, I'm trying to think if there's anything else, because it seems like there's a lot, but we have a lot to chew on. What's that, Your Honor? Thank you, Mr. Enright. Certainly. I appreciate it, Your Honor. Mr. Carpenter. Thank you, Your Honor. I want to start with one point about the recidivism issue that we were speaking about, Judge Niemeyer. I think a different way to look at it is we agree that everything under the enhancement is recidivism related, so there are two components. There's the existence of the prior convictions, and then there's the occasions. And so I think we also all agree that when we're looking at the existence, the Supreme Court has placed a limitation on what judges can look at. They can only look to the elements. And so that same limitation must also apply when we're looking at the occasions. And so if you apply that to this case, for example, what we see is there are two robbery offenses that were where he was convicted on the exact same date in state court. So if we apply the Descartes-Mathis limitation to this case, we end up only with two predicate offenses, ACCA needs three. The only way that we can get to the ACCA sentence in this case is by going beyond the elements, going beyond the existence of the prior conviction and considering these other facts. I hear what you're trying to do, but you're collapsing the inquiry because you still, even if the two are together, you're still going to have to establish the elements of the conviction and the fact of conviction to have it qualify. Then you have the additional requirement, which doesn't relate to whether the conviction occurred. It relates to whether it's on different occasions, and both are required for the recidivism. And then you have to go back to the original Taylor case, original Supreme Court Taylor case, where they talked about this problem, a categorical approach, and focus on why we are doing that. And the reason we are focusing that narrowly is we don't want to interfere with Sixth Amendment implications. And so we go for the conviction and fact of conviction. Then we find that sometimes that doesn't work too well, and we've made a little exception for Shepard and limited Shepard documents. We're still not interfering, we don't believe, with Sixth Amendment when we do the Shepard documents, and it allows us to determine whether a prior offense qualifies. Now we have a new thing, which are whole new facts, which have nuances that have to be found under Wooden, and that's a new problem. But that's not the fact of conviction which these cases established, and it may not raise Sixth Amendment problems. It may. If it does raise them, then the answer might be to use the Shepard documents, limited. But that hasn't been addressed, and my whole point was that the discussions in all these cases that refer to and they categorize the categorical approach just the fact of conviction and the elements. And I agree with all that, but I think the court all along was focusing only on satisfying whether there were qualifying offenses. And so now we have the new, the different occasions we sort of played by ear and were very liberal on it, the courts were, in accepting different occasions, and Supreme Court says you can't be so. So I think the response I have there, Judge Niemeyer, is that there can't be two separate Sixth Amendments. So if there is a Sixth Amendment problem with a judge making Inquiry 1 by going beyond the elements, then there is likewise a Sixth Amendment problem if on Inquiry 2. The Sixth Amendment problem is retrying the earlier case, interfering with the jury verdicts, and getting into a retrial, which is also a practical problem of the earlier case. But on different occasions is a different problem with respect to the convictions. And on different occasions, it's a more limited factual inquiry, I suggest, number one. And if it is a Sixth Amendment problem, I can't see how it is, but if it is a Sixth Amendment problem, then it's resolved by the Shepard documents. That would be the approach that we would have to create at this point, because nobody's addressed this following wouldn't. Your Honor, my point there would just be that the Supreme Court's language in Descamp and Mathis is broader than you are giving it credit for. They address the different occasions. Certainly, but it also does, they are clear in those cases. I agree with you in Taylor and Shepard. Their handle, they give to it. They start with Almendoras and they give the handle to it, starting with Taylor, saying you just do the elements of conviction and the fact that you were convicted. That gets around all the problems of establishing, but they still recognize that as a sentencing enhancement. And the sentencing enhancement was just element of it. Anyway, I understand your position. I think you understand my questions. I do. Let me add before, I know I'm running a little low on time here, but I do want to make just one very quick point about the harmless error issue and the overwhelming facts. Pretty dicey point too, isn't it? Well, I think the point I want to highlight for this court that I haven't had a chance to say is it's very important to distinguish the context of sufficiency review and harmless error beyond a reasonable doubt review. If this had been submitted to a jury and they had returned a Well, I understand it comes down basically, the court decided it as opposed to the jury. Correct. But in this case, you have a September 14 offense, you have a July 14 offense, and then you have a 2013 offense six years later. So these offenses were different contexts, different times. I mean, to me, factually, there's no question they're on different occasions by the comes on harmlessness, can we jump over if we believe it has to go to a jury, can we say it's harmless? And I think that Judge Hyten's raised those questions. I think those are dicey. Right. And I think the point I would leave the court with on that is while we agree that the separate dates might be enough for a sufficiency or clear error review, the standard here is harmlessness beyond a reasonable doubt, that no reasonable jury would find that the other wooden factors such as common scheme or purpose, the relationship between the offenses, point in the defendant's favor. And I think that's where the Northern District of Georgia jury verdict that we submitted on Wednesday shows that even where offenses are separated by a significant amount of time, when a jury is properly instructed on the wooden factors, they do sometimes reach a decision that might be different than what we on a cold record would reach. Because they had a left-handed foreman. Possibly. You see those checks in there? I did see those checks. He was consistent though. He did it in both of the checks. But our point is that a reasonable jury could think that the other wooden factors point to this being a single occasion and could acquit on that. That's why the harmless beyond a reasonable doubt standard wouldn't be satisfied if it is the correct standard. Thanks a lot for your arguments. This is a very interesting exchange. We'll come down and greet counsel and proceed. Are you okay to go to the last case? All right. We'll proceed to go to the last case after we come down.
judges: Paul V. Niemeyer, Toby J. Heytens, Henry F. Floyd